## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| DUANE RAY, <br><br> Plaintiff, <br><br> vs. <br><br> FIFTH THIRD BANK NATIONAL ASSOCIATION D/B/A FIFTH THIRD BANK, <br><br> and <br><br> FIFTH THIRD INSURANCE AGENCY, INC. D/B/A FIFTH THIRD INSURANCE, <br><br> and <br><br> FOUNDATION RISK PARTNERS, CORP., <br><br> Defendants. | Case No. 1:21-CV-00076 <br><br> Judge Douglas R. Cole |

**DEFENDANTS FIFTH THIRD BANK, NA AND FIFTH THIRD INSURANCE AGENCY, INC.'S PRE-PRELIMINARY INJUNCTION HEARING BRIEF REGARDING ISSUES RAISED AS TO THE ASSIGNMENT OF PLAINTIFF DUANE RAY'S RESTRICTIVE COVENANTS TO DEFENDANT FOUNDATION RISK PARTNERS CORP.**

**I.  INTRODUCTION**

Pursuant to the schedule ordered by the Court on January 12, 2022 [ECF No. 49], Defendants Fifth Third Bank N.A. (the "Bank") and Fifth Third Insurance Agency, Inc. ("FTI") (collectively, the "Fifth Third Defendants") hereby submit their pre-hearing brief before the hearing on Defendant Foundation Risk Partners, Corp.'s ("FRP") Motion for Preliminary Injunction [ECF No. 37] ("FRP Motion") against Plaintiff Duane Ray ("Ray")—scheduled for February 11, 2022.

1

The FRP Motion seeks to enjoin Ray from violating the restrictive covenants in the 2020 Incentive Compensation Plan. *See* FRP Mot. at PAGEID 501-02. Ray agreed to the 2020 Incentive Compensation Plan (the "2020 IP") [ECF No. 22-2] while employed by FTI. On December 31, 2020, FRP acquired the assets of FTI related to several insurance-related lines of business, including those for which Ray was employed. As part of that acquisition, FTI assigned its rights in the 2020 IP to FRP. FRP seeks to enforce the restrictive covenants in the 2020 IP.

In defense, Ray has challenged the assignment of the rights in the 2020 IP, pointing to the Court's discussion of the issue in its preliminary injunction order in *Hobbs v. Fifth Third Bank, N.A., et al*. *See* Plaintiff's Mot. to Terminate the Agreed Temporary Restraining Order [ECF No. 49] (discussing No. 1:20-cv-01040-DRC, [ECF No. 43] ("Hobbs PI Order")). In *Hobbs*, the Court denied Hobbs's Motion for injunctive relief. In doing so, it noted that "there [was] at least some likelihood—although by no means a certainty—that Hobbs will succeed in proving the 2020 IP was not properly assigned to FRP." *See* Hobbs PI Order at PAGEID 2289.[1] However, contrary to Ray's position, the Court's order in *Hobbs* does not and should not defeat the FRP Motion outright, as that order left open the ultimate question of whether the assignment of the 2020 IP to FRP was effective. As discussed below, FTI did possess rights in the 2020 IP, including over Ray's restrictive covenants, and it properly assigned those rights to FRP.

**II. ARGUMENT**

    **a. FTI possessed rights in the 2020 IP and the restrictive covenants therein.**

Section I of the 2020 IP indicates that the agreement is between Ray and "Fifth Third." It defines "Fifth Third" and "Employer" as "Fifth Third Bank, National Association (including its parent companies, subsidiaries, and affiliates)." *See* 2020 IP at PAGEID 173. This definition,

---

[1] As the Hobbs PI Order is of record in the *Hobbs* case, the references herein to PAGEID numbers refer to those numbers as they appear on the Order as docketed in the *Hobbs* case.

particularly in the context of the remaining language of the 2020 IP, shows that both the Bank and FTI are parties to the 2020 IP with Ray. First, as a subsidiary of the Bank, FTI falls within this definition, making it a party to the 2020 IP. *See id.* (providing that the 2020 IP "sets forth [Ray's] agreement with Fifth Third regarding incentive compensation and the other matters set forth in the [2020 IP].") Second, unique from any other entity, the very title of the 2020 IP names FTI, reading "2020 Incentive Plan [,] *Fifth Third Insurance Agency* [,] Insurance Advisor." *Id.* Thus, the express language of the 2020 IP granted FTI rights in the restrictive covenants with Ray.

Moreover, other agreements governing Ray's employment reinforce such an interpretation of the 2020 IP. Specifically, the September 25, 2017 Offer Letter [ECF No. 22-1] (the "Offer Letter"), which Ray also accepted, holds FTI out as the unique Bank subsidiary relevant to Ray's employment. *See ibid* at PAGEID 167 (defining FTI collectively with the Bank as "Fifth Third"). So, even if the 2020 IP leant itself to multiple interpretations as to whether FTI was a party to the 2020 IP so as to possess its own rights to Ray's restrictive covenants, the Offer Letter confirms such a reading. *See Ill. Controls v. Langham,* 639 N.E.2d 771, 778 (Ohio 1994) ("Parol evidence directed to the nature of a contractual relationship is admissible where the contract is ambiguous and the evidence is consistent with the written agreement which forms the basis of the action between the parties."). The Offer Letter also eliminates the need to resort to construing the contract against the Fifth Third Defendants as the drafting parties, as such a secondary rule of contract construction "is not applicable when a primary rule of contract construction clarifies the meaning of the contract." *Michael A. Gerard, Inc. v. Haffke*, 2013-Ohio-168, 2013 WL 26796, ¶ 14 (Ct. App.) ("It is a primary rule of contract construction and interpretation that when confronted with an ambiguous contract, a court must first examine parole evidence to determine the parties' intent."); *Malcuit v. Equity Oil & Gas Funds, Inc.*, 610 N.E.2d 1044 (Ohio App. 1992) ("Primary

rules are always applicable, while secondary rules are applicable only after primary rules have been applied and the contract's meaning remains uncertain or ambiguous.").

Further, even if the 2020 IP failed to sufficiently name FTI as a party, FTI would be an intended third-party beneficiary of the 2020 IP. "[I]f the promise . . . intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract." *Hill v. Sonitrol of Sw. Ohio*, 521 N.E.2d 780, 784 (Ohio 1988). Assuming, *arguendo*, that FTI was not party to the 2020 IP, the 2020 IP's terms—particularly those stating Ray's restrictive covenants—certainly express the intent that FTI benefit from those restrictive covenants. Paragraphs 1 and 2 of Section V.A. restrict Ray from soliciting or accepting business from customers with whom he individually had contact while employed by Fifth Third. *See* 2020 IP at PAGEID 183 (defining "Customers" and "Prospective Customers" as those who "[Ray] had contact, involvement, or responsibility or regarding which [Ray] received confidential and proprietary information . . ."). Ray does not, and cannot, dispute that the customers he advised were specifically FTI's customers. Therefore, these restrictive covenants—by virtue of being specific to customers Ray worked with—were specifically designed to protect FTI from losing its customers, making FTI at least an intended beneficiary. *Washington v. Covelli*, 35 N.E.3d 578, 584-85 (Ohio App. 2015) (holding a franchisee to be an intended beneficiary to franchisor's restrictive covenant with a different franchisee because the restrictive covenant was designed to prohibit behavior that would specifically harm other franchisees). As such, even if FTI were not a party to the 2020 IP, it would possess rights in Ray's restrictive covenants.

Finally, at a minimum, the Bank would still possess rights that it could assign to FTI or, now, FRP. At a minimum, were the Court to hold that FTI lacked the ability to assign rights under

4

the restrictive covenants, FRP could still obtain the rights necessary to enforce the restrictive covenants in the 2020 IP against Ray with which it could prevail on its Motion.

>   **b.     FTI properly assigned its rights in the 2020 IP, including Ray's restrictive covenants, to FRP.**

Having possessed rights in the 2020 IP and the restrictive covenants therein, FTI properly assigned those rights to FRP. Section 2.01 of the Asset Purchase Agreement assigned, as "Purchased Assets," all contracts related to the sold business, including all rights to restrictive covenants. There is no dispute that Ray was involved with the business operations sold to FRP. Therefore, FTI's rights in the restrictive covenants against Ray were conveyed to FRP in the Asset Purchase Agreement.

As the Court noted in the Hobbs PI Order, Ohio law generally allows assignment of restrictive covenants in employment agreements. *See* Hobbs PI Order at PAGEID 2281 (citing *Artromick Internatl., Inc. v. Koch*, 759 N.E.2d 385, 387 (Ohio App. 2001)). Here, the 2020 IP includes the following language:

> Fifth Third retains the right without further notice or consent to assign its rights and obligations under the Plan to any successor in interest or purchaser of substantially all of Fifth Third's assets. In the event of such an assignment, the benefits and burdens of this Plan shall inure to the benefit of and is binding upon the successor or assignee of Fifth Third.

2020 IP at PAGEID 187. This particular language does not limit the assignability of the 2020 IP.

Indeed, Ohio law does not require a restrictive covenant to explicitly state it is assignable for it to be assignable. *Artomick*, 759 N.W.2d at 387. For that reason, by stating that Fifth Third *retains* the right to assign, the most reasonable reading of the 2020 IP's assignment language is not to have created or defined any rights to assign, but rather to merely state particular rights the law had already granted. In other words, this provision is non-limiting. It merely anticipates some assignments that may take place.

Further, the assignment FTI made to FRP fits within what the 2020 IP describes. As discussed above, FTI was specifically a party to the 2020 IP and fell within the 2020 IP's definition of "Fifth Third." The language quoted above describes—disjunctively—potential assignments to either any "successor in interest *or* purchaser of substantially all of Fifth Third's assets." (Emphasis added). FRP was undoubtedly a successor in interest to FTI as to the business FTI sold to FRP and as to FTI's rights in the restrictive covenants. *See also* Section II.a., *supra*. Thus, FTI's assignment of Ray's restrictive covenants does not offend the 2020 IP's discussion of a potential assignment, and the assignment properly vested FRP with the ability to enforce the restrictive covenants in the 2020 IP.

### III. CONCLUSION

For these reasons, FTI properly assigned to FRP its rights in Ray's restrictive covenants contained in the 2020 IP, and FRP now has the ability to enforce those rights against Ray.

Respectfully submitted,

*/s/ Michael A. Xavier*
Michael A Xavier (0097121)
Dinsmore & Shohl LLP
1775 Sherman St., Suite 2500
Denver, CO 80203
Phone: (303) 296-3996
Fax: (303) 296-0344
Email: michael.xavier@dinsmore.com

R. Kenyon Meyer (*admitted pro hac vice*)
Dinsmore & Shohl LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Phone: (502) 540-2300
Email: kenyon.meyer@dinsmore.com

*Counsel for Defendants Fifth Third Bank, N.A. and Fifth Third Bank Insurance Agency, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on February 4, 2022, the foregoing was served on the below-listed counsel by the Court's ECF electronic filing system, as provided by Federal Rule of Civil Procedure 5(b)(2)(E):

Louis C. Schneider
THOMAS LAW OFFICES, PLLC
250 E Fifth Street, Ste. 440
Cincinnati, OH 45202
Telephone: (502) 688-5065
Facsimile: (877) 955-7002
Email: lou.schneider@thomaslawoffices.com

Randall S. Strause (*admitted pro hac vice*)
Antonio R. Fernandez
STRAUSE LAW GROUP, PLLC
804 Stone Creek Pkwy, Ste. 1
Louisville, KY 40223
*Telephone*: (502) 426-1661
*Facsimile*: (502) 426-6772
*Email*: rstrause@strauselawgroup.com

*Counsel for Plaintiff Duane Ray*

Kevin E. Griffith
Chad J. Kaldor
Andrew Klaben-Finegold
Littler Mendelson, P.C.
41 South High Street, Suite 3250
Columbus, OH 43215
Email: kgriffith@littler.com

*Counsel for Defendant Foundation Risk Partners, Corp.*

                                                           */s/ Michael A. Xavier*
                                                             Michael A. Xavier